# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRENDA K. ANDREWS,

        Plaintiff,

    v.

BRYCE LAMEROUK, *et al*.,

        Defendants.

Case No. 3:21-cv-00029-RRB

## SCREENING ORDER

Brenda K. Andrew, representing herself, has filed several documents in this case, as well as a Motion to Accept Application for Filing by Waiving the Filing Fee.[1] Ms. Andrew lists the Defendants on her Civil Cover Sheet: Bruce Lamerouk, Angelina H. Jolie, June Jean Paul, Kimberly Kardashian, Donald Frank McGahn, Donald J. Trump, John D. Roberts, Joel Bolger, Michael Dunleavy, Kevin Meyers, George H.W. Bush, George W. Bush, and Jamie Shoaf.[2]

Ms. Andrew also lists individuals in addition to herself as Plaintiffs in her case.[3] The Court takes judicial notice,[4] however, that Ms. Andrew is not licensed

---

[1] Dockets 1–7.

[2] Docket 2.

[3] *Id*.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S.*

to practice law in Alaska.[5] Therefore, she is not permitted to represent anyone other than herself in this case, and the Court will not consider the additional individuals to be plaintiffs in this case.[6]

The Court further takes judicial notice that Ms. Andrew is the Defendant in several open state misdemeanor criminal cases.[7] In those cases, Ms. Andrew was represented by appointed counsel, and hearings have been scheduled in Anchorage Mental Health Court under the Anchorage Coordinated Resources

---

*Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (citation omitted); Fed. R. Evid. 201.

[5] https://alaskabar.org/member-services/member-directories.

[6] D. Ak. LR 83.1(a)(1) (Only an "attorney admitted to practice as an attorney and counselor at law before the courts of the State of Alaska, is eligible for admission to practice in the United States District Court for the District of Alaska."); *Simon v. Hartfield Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities.") (citations omitted); *Christensen v. Melinda*, 857 P.2d 345, 346 (Alaska 1993) (In Alaska, "'[a] person may not engage in the practice of law in the state unless the person is licensed to practice law in [the state] and is an active member of the Alaska Bar.'") (citing A.S. 08.08.210(a)); *see also* Alaska Bar R. 63; Alaska Rule of Civil Procedure 81(a)(1) ("only attorneys who are members of the Alaska Bar Association shall be entitled to practice in the courts of this state").

[7] *See* https://records.courts.alaska.gov/eaccess/searchresults, on line dockets for *Municipality of Anchorage v. Brenda Karen Andrew,* 3AN-20-03723CR (6/6/20 Class A Misdemeanor charge under AMC 8.10.110(A)(5), Harassment-Offensive Contact Body); *Municipality of Anchorage v. Brenda Karen Andrew,* 3AN-20-05546CR (7/12/20 Class A Misdemeanor charges (three) under AMC 8.20.010(A)(2) Crim Mischief-Tamper Fire Protection); *Municipality of Anchorage v. Brenda Karen Andrew,* 3AN-20-05768CR (7/22/20 Class A Misdemeanor charge under AMC 8.30.105(A)(2), Violate Stalking or Sex Asslt Protec Ord); *Municipality of Anchorage v. Brenda Karen Andrew,* 3AN-20-06444CR (8/20/20 Class A Misdemeanor charge under AMC 8.20.010(A)(2), Crim Mischief-Tamper Fire Protection); and *Municipality of Anchorage v. Brenda Karen Andrew,* 3AN-20-09923CR (12/23/20 Class A Misdemeanor charge under AMC 8.10.010(B)(1), Assault-Recklessly Cause Injury).

Case No. 3:21-cv-00029-RRB, *Andrew v. Lamerouk, et al.*
Screening Order
Page 2 of 15
Case 3:21-cv-00029-RRB   Document 8   Filed 03/31/21   Page 2 of 15

Project (CRP).[8] Ms. Andrew currently has a CRP hearing scheduled for March 30, 2021, in all five of her open criminal cases.[9]

## FACTUAL ALLEGATIONS

Ms. Andrew's Docket Number 1 includes a copy of this Court's instructions and Civil Rights Complaint form. After the complaint form and instructions, is a copy of the Court's Pro Se Handbook, "Representing Yourself in Alaska's Federal Court,"[10] with a handwritten note saying that "the packet should be voided as it causes serious Judicial Harm and I can represent myself as Pro Se at my own will and discretion."[11] And next is a copy of the Court's Motion form, containing a handwritten note saying that "this packet is voided by motion as an appeal that Alaska Supreme Court S-16724 to be verified by Jahna Lindemuth."[12]

In Docket 1-4, Ms. Andrew states that "the Federal Criminal Codes [have been] violated by the defendants," and she "volunteer[s] to become Chief Judicial Justice Judge of the Alaska Supreme Court and any other Court-of-Law in this

---

[8] *Id.*; *see also* https://public.courts.alaska.gov/web/forms/docs/pub-100.pdf.

[9] *Id.*

[10] Docket 1-1.

[11] *Id.* at 1.

[12] Docket 1-3.

Case No. 3:21-cv-00029-RRB, *Andrew v. Lamerouk, et al.*
Screening Order
Page 3 of 15

state . . . ."[13] Ms. Andrew then asserts that Angelina Jolie should "face the penalty of death for violation of Federal Criminal Codes 1-10."[14]

Ms. Andrew also asserts that one "should not be punished by aggressive physical force which is recognized by government officials as aggravated assault [by] pulling down pants to inject highly sedative intramuscular shots to the buttock muscles [which] is sexual and physical assault as it begins with a verbal threat that is phrased as [']If you do not take your medication we will have to give you shots[']."[15]

Ms. Andrew then contends that "Angelina H. Jolie with suspected aliases of June Jean Paul and Kimberly Kardashian does not give refuge to constituents of the federal Constitution of the United States of America which is a union of the United Nations."[16]

In another filing, Ms. Andrew moves to dismiss a deposition.[17] Ms. Andrew requests "dismissal and redaction of the deposition of the named defendants to

---

[13] Docket 1-4 at 1.

[14] *Id*. at 4 (Ms. Andrew lists the "Federal Criminal Codes" as "Truant," "Betrayal," "Perjury," "Dereliction," Extortion," "Terrorism," "Rape," "Prejudice," "Assault," "Manslaughter," and "Trespassing," with brief descriptions of each).

[15] *Id*. at 5. Ms. Andrew claims that the "Alaska Psychiatric Institute policy [is] approved to be put into use by Providence Healthcare Services Worldwide, Incorporated [Defendant] Bruce Lameroux administered [indecipherable] the Public Healthcare Services." *Id*. She asks that the Court "[p]lease investigate Alaska Psychiatric." *Id*.

[16] *Id*.

[17] Docket 4.

Case No. 3:21-cv-00029-RRB, *Andrew v. Lamerouk, et al.*
Screening Order
Page 4 of 15
Case 3:21-cv-00029-RRB   Document 8   Filed 03/31/21   Page 4 of 15

oppose the Superior Court Case #3AN-17-02960PR."[18] Ms. Andrew asserts that this state court case "was given the Supreme Court Docket #S-16724 presented by Alaska Department of Law Attorney General Jahna Lindemuth."[19] The Court takes judicial notice that Ms. Andrew is not listed as a party to either the Alaska Superior Court or the Alaska Supreme Court case.[20] Alaska Supreme Court number S-16742 is the case number for *Fannon v. Polo*, 436 P.3d 956 (Alaska 2019), decided on February 8, 2019, and Ms. Andrew is not mentioned in that opinion.[21]

Later, Ms. Andrew again states that she was "given intramuscular shots that were involuntary medication which is a violation of Freedom from Cruel and Unusual Punishment."[22] And she says that, although she "requested that [her] Alaska Supreme Court Docket #S-16724 be provided access by the News Media known as the Free Press Corp through the informative Freedom of Information Act, . . . no one showed up for [her] Oral Arguments that were given [in that case]."[23]

---

[18] Docket 4-1 at 1 (More language is inserted between the lines, but the language is difficult to discern).

[19] *Id*.

[20] https://records.courts.alaska.gov/eaccess/searchresults.page (Case No. 3AN-17-02960PR, "No Records Found"); *but see* 3AN-14-0915CI, associated with Supreme Court Case S-16724; https://appellate-records.courts.alaska.gov/CMSPublic/Search.

[21] *Fannon*, 436 P.3d at 957 (finding a deed's greenbelt covenant is enforceable, affirming superior court's decision to grant summary judgment).

[22] Docket 4-2 at 1 ("And I was subjected to involuntary medication a violation of Alaska law.").

[23] *Id*.

Case No. 3:21-cv-00029-RRB, *Andrew v. Lamerouk, et al.*
Screening Order
Page 5 of 15
Case 3:21-cv-00029-RRB   Document 8   Filed 03/31/21   Page 5 of 15

Ms. Andrew wants "to present this handwritten Injunction Order . . . to coordinate with Ryan Montgomery of the Appellate Court Clerk's Office from the Alaska Court System . . . Supreme Court Docket #S-16724 . . . ."[24]

At Docket 5, Ms. Andrew moves "to approve this appeal in the US Courthouse to be viewed and heard by the United Nation's Intern. Court of Justice as the U.S. is a nation part of the UN to depose through arbitration the Federal Criminal Acts of the defendants that should not b[e] allowed to provide amendments to any Consti[tu]tion as they are ceded by their own will and determination from the United States of America during any war . . . ."[25] And then, that "Alaska Superior Court Docket no. 16724 . . . was remanded to Superior Court Erin . . . Marston by Marilyn May which is a criminal act, but was presented back to the Alaska Supreme Court through a fraudulent Alaska Supreme Court docket #S-16750 which is Angelina H. Jolie's opposing argument's scan and filed into Supreme Court docket #16724 . . . ."[26] Ms. Andrew requests that the Court "[p]lease verify with Ryan Montgomery's account of this atrocious federal criminal act as he is . . . my case manager."[27]

---

[24] Docket 4-3 at 1 (also referencing S-16750, *In the Matter of the Necessity for the Hospitalization of Brandi A,* appealed from Alaska Superior Case No. 3AN-17-01203PR, https://appellate-records.courts.alaska.gov/CMSPublic/Search). The Court takes judicial notice that Brenda Andrew is nowhere mentioned in *Brandi A.*, S-16750, 2019 WL 324926 (Alaska Jan. 23, 2019) (unpublished).

[25] Docket 5 at 1.

[26] *Id.*

[27] *Id.*

Case No. 3:21-cv-00029-RRB, *Andrew v. Lamerouk, et al.*
Screening Order
Page 6 of 15
Case 3:21-cv-00029-RRB   Document 8   Filed 03/31/21   Page 6 of 15

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a plaintiff who seeks to waive the filing fee. In this screening, the Court shall dismiss the case if it determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[28]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[29] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[30] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint

---

[28] 28 U.S.C. § 1915(e)(2)(B).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[30] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:21-cv-00029-RRB, *Andrew v. Lamerouk, et al.*
Screening Order
Page 7 of 15
Case 3:21-cv-00029-RRB   Document 8   Filed 03/31/21   Page 7 of 15

and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[31]

## DISCUSSION

Within her filings, Ms. Andrew claims that she has been involuntary medicated. She does not state the circumstances involved, such as whether she was medicated pursuant to a state court order, whether she received the appropriate notice and a hearing at an institution, or whether she was medicated in an emergency. Ms. Andrew has also included allegations that appear to be entirely unrelated to her, and factually frivolous.

## I. Frivolous Claims

As stated above, under 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss any action filed without prepayment of the filing fee that is factually frivolous. Factual frivolousness may include not only allegations that "lack an arguable basis in either law or in fact," but allegations that are clearly "fanciful," "baseless," "fantastic," or "delusional."[32] Given Ms. Andrew's claims, examples of which are set forth above, her "Complaint" must be dismissed.

---

[31] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[32] *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989)); *see also In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (A court "could dismiss an in forma pauperis action as frivolous before service of process when the complaint recites 'bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind,' or when the complaint recites facts that conflict with facts of which the district court may take judicial notice.") (citation omitted).

## II. Involuntary Medication

"Title 42 U.S.C. § 1983, provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any [law] . . . of any State or Territory. . . .'"[33] This federal statute "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[34] Under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law[35] (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[36]

A claim of involuntary medication without due process while incarcerated is properly brought under 42 U.S.C. § 1983.[37] "The Supreme Court has thrice recognized a 'liberty interest in freedom from unwanted anti-psychotic drugs.'"[38] In *Washington v. Harper,* "the Court held that prisoners 'possess[ ] a significant liberty

---

[33] *Lugar v. Edmondson Oil, Co.*, 457 U.S. 922, 924 (1982) (citing § 1983); *see also* U.S. Const. amend. XIV ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").

[34] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[35] But states have immunity under the Eleventh Amendment, and "are not 'persons' under § 1983." *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989)). Thus, the State of Alaska is not an appropriate defendant in this case.

[36] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[37] *See Washington v. Harper*, 494 U.S. 210, 219–36 (1990).

[38] *United States v. Williams,* 356 F.3d 1045, 1053 (9th Cir. 2004) (quoting *Riggins v. Nevada,* 504 U.S. 127, 137 (1992)).

interest in avoiding the unwanted administration of anti-psychotic drugs under the Due Process Clause of the Fourteenth Amendment.' . . . It explained that involuntary medication is permitted only for 'inmates who are . . . gravely disabled or represent a significant danger to themselves or others,' . . . and only after the court is satisfied that the medication would be 'in the prisoner's medical interests, given the legitimate needs of his institutional confinement.'"[39]

So, although prisoners clearly have a liberty interest "in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment,"[40] that liberty interest "must be 'defined in the context of an inmate's confinement.'"[41] The procedural requirements of notice and a hearing, as generally required prior to the involuntary use of psychotropic medications on inmates, may not apply during an emergency.[42]

---

[39] *United States. v. Rivera-Guerro*, 426 F.3d 1130, 1136 (9th Cir. 2005) (quoting *Washington*, 4#4 U.S. at 221, 226, 222).

[40] *United States v. Loughner*, 672 F.3d 731, 744 (9th Cir. 2012) (quoting *Washington*, 494 U.S. at 221–22).

[41] *Id.* at 745 (quoting *Washington*, 494 U.S. at 222).

[42] *See Hogan v. Carter*, 85 F.3d 1113, 1115–17 (4th Cir. 1996) (finding inmate's involuntary medication while suffering uncontrollable seizure for three hours necessary to protect inmate from imminent, self-inflicted harm); *Leeks v. Cunningham*, 997 F.2d 1330, 1335 (11th Cir. 1993) ("[T]he courts having concluded that under certain circumstances the involuntary administration of antipsychotic drugs were violative of due process, did so with an 'emergency exception.'") (citations omitted)); *but cf. Kulas v. Valdez*, 159 F.3d 453, 456 (9th Cir. 1998) (finding "loud and uncooperative" inmate did not present emergency sufficient for involuntary administration of strong antipsychotic medication without *Washington*'s procedural safeguards).

Case No. 3:21-cv-00029-RRB, *Andrew v. Lamerouk, et al.*
Screening Order
Page 10 of 15
Case 3:21-cv-00029-RRB   Document 8   Filed 03/31/21   Page 10 of 15

Ms. Andrew has not stated any facts that indicate whether she was denied due process before being medicated. The facts involved when she was allegedly medicated involuntarily at Anchorage Psychiatric Institute (API) are unclear.

Ms. Andrew has a long history of misdemeanor criminal offenses. The Court takes judicial notice that, in addition to the current open criminal cases previously listed, Ms. Andrew was a defendant in *State of Alaska v. Brenda Karen Andrew*, 3AN-19-00198CR, a case which was also referred for CRP hearings.[43] In that case, Ms. Andrew was convicted of misdemeanor assault in the 4th degree, after pleading guilty, and the public records show that she was in custody from February 17, 2019—May 13, 2019.[44] Ms. Andrew has not stated whether she was medicated without due process during the time she was incarcerated.[45]

## III. Rooker/Feldman Doctrine

Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts.[46] Subject-matter jurisdiction is "[j]urisdiction over the nature of the case and the type of relief

---

[43] *See* https://records.courts.alaska.gov/eaccess/searchresults.

[44] *Id.*, *Alaska v. Andrew*, 3AN-19-00198CR.

[45] *See id.; see also* https://records.courts.alaska.gov/eaccess/searchresults, 4BE-04-00321CR, 4BE-04-00157CR, 4BE-03-00274CR, 4BE-02-01172CR, and 4BE-97-01008CR. These earlier incomplete records on the public database do not show whether Ms. Andrew was incarcerated as a result of any of these cases, or whether she received medication during any of these times.

[46] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

sought."[47] It is Ms. Andrew's burden, as the plaintiff, to show that the Court has jurisdiction to hear her claims.[48]

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review the propriety of state court rulings.[49] The proper court to obtain review of a final state court decision is the United States Supreme Court.[50]

If Ms. Andrew was medicated pursuant to a state court order, the Rooker-Feldman doctrine prevents this Court from reviewing that order.

## CONCLUSION

A complaint seeking relief from a federal court must be clear. Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Ms. Andrews alleges she has suffered, (2) when that harm occurred, (3) where that harm was caused, (4) who she alleges caused that specific harm to him, and (5) what specific law she alleges was violated as to that specific claim. Ms. Andrew has not filed a complaint in accordance with the

---

[47] *Black's Law Dictionary* (11th ed. 2019) (definition of "subject-matter jurisdiction").

[48] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[49] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review . . . of those judgments").

[50] *See* 28 U.S.C. § 1257; *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476.

Case No. 3:21-cv-00029-RRB, *Andrew v. Lamerouk, et al.*
Screening Order
Page 12 of 15
Case 3:21-cv-00029-RRB   Document 8   Filed 03/31/21   Page 12 of 15

Federal Rules of Civil Procedure, and the Court cannot discern whether she has been injured through the violation of her constitutional rights.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Complaint is DISMISSED as required by 28 U.S.C. § 1915(e)(2)(B). Ms. Andrew's claim alleging that she was involuntarily medicated is DISMISSED WITHOUT PREJUDICE, under § 1915(e)(2)(B)(ii), for failure to state a claim for relief. Ms. Andrew's remaining claims are DISMISSED WITH PREJUDICE, as frivolous, under § 1915(e)(2)(B)(i).

2. Ms. Andrew may file an Amended Complaint, which should be received by the Court on or before **May 3, 2021,** asserting her claim against any individual(s) who involuntarily medicated her, under color of state law, without due process. An Amended Complaint *must be solely on this Court's form*, which is being provided to Ms. Andrew with this Order.

3. The Motion and Application to Waive the Filing Fee, at Docket 3, is DENIED with leave to amend;[51] and all other outstanding motions are DENIED as moot.

4. Ms. Andrew may either pay the full filing fee of $402.00, or she may file an Application to Waive the Filing Fee, *solely on this Court's form*, which should be received by the Court on or before **May 3, 2021**. An application to waive prepayment of the filing fee must be fully completed, **signed,** and dated.

---

[51] *See* Docket 3 at 6 (unsigned Application).
Case No. 3:21-cv-00029-RRB, *Andrew v. Lamerouk, et al.*
Screening Order
Page 13 of 15

5. In the alternative, Ms. Andrew may file a Notice of Voluntary Dismissal, which dismisses her action and will close this case, which should be received by the Court on or before **May 3, 2021**.

6. The Court encourages Ms. Andrew to seek the assistance of a lawyer if she decides to proceed with her case.[52]

7. Each litigant is responsible for keeping a copy of each document filed with the Court. When you send a document to the Court, you will receive a Notice of Electronic Filing ("NEF") from the Court that will inform you of when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

8. At all times, Ms. Andrew must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[52] *See, e.g.,* Disability Law Center of Alaska, which can be reached toll-free from anywhere in Alaska at 1-800-478-1234, and by email at

9. The Clerk of Court is directed to send Ms. Andrew the following forms with this Order: (1) form PS02, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983;" (2) form PS09, Notice of Voluntary Dismissal; (3) form PS11, Application to Waive the Filing Fee; and (4) form PS23, Notice of Change of Address.

DATED this 31st day of March, 2021 at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge